UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEIBY FERNEY TORRES-VALLECILLA,

    Movant,

v.　　　　　　　　　　　　　　　　　　　Case No. 8:23-cv-2270-CEH-AAS
　　　　　　　　　　　　　　　　　　　　Crim Case No.8:19-cr-53-CEH-AAS

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Movant pleaded guilty to conspiring with others, including those who were on board a vessel subject to the jurisdiction of the United States, to distribute and possess with intent to distribute five kilograms or more of cocaine and was sentenced to 188 months' imprisonment followed by 5 years of supervised release (cr Doc. 293). He challenges his sentence in a motion to vacate under 28 U.S.C. § 2255 (cv Doc. 1). The motion to vacate must be dismissed as premature.

Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate. Section 2255 requires denial of the motion to vacate without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b)

of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

Movant appealed his conviction and sentence (cr Doc. 295), and the appeal is still pending. *See USA v. Torres-Vallecilla*, Case No. 23-12399-D, Eleventh Circuit Court of Appeals. Consequently, this Court is without jurisdiction to entertain the motion to vacate. *United States v. Dunham*, 240 F.3d 1328, 1329-30 (11th Cir. 2001) ("We conclude that the district court lacked jurisdiction to consider and rule on Dunham's § 2255 motion during the pendency of her direct appeal of her sentence, and therefore her appeal of the district court's denial of that motion is dismissed without prejudice and the district court's order denying Dunham's § 2255 motion is vacated without prejudice to Dunham's right to file a § 2255 motion after the disposition of her direct appeal."); *United States v. Varela*, 2002 U.S. Dist. LEXIS 17479, at *2 (N.D. Tex. Sept. 11, 2002) ("A district court may not adjudicate the merits of an application for post-conviction relief if a direct appeal is pending before the court of appeals.") (citations omitted).

Accordingly, it is **ORDERED**:

1. The motion to vacate (cv Doc. 1) is **DISMISSED** for lack of jurisdiction. The dismissal is without prejudice to Movant filing a motion to vacate, in a new case with a new case number, after final disposition of the direct appeal.

2. The Clerk is directed to terminate any pending motions and close this case.

Additionally, the Clerk is directed to enter a copy of this Order in the criminal action, 8:19-cr-53-CEH-AAS, and terminate the motion to vacate at docket entry #306.

**DONE** and **ORDERED** in Tampa, Florida on October 25, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Deiby Ferney Torres-Vallecilla, *pro se*